11-790-cv
Hoffmann v. Airquip Heating & Air Conditioning

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of May, two thousand twelve.

PRESENT:
 RICHARD C. WESLEY,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges,*
 J. GARVAN MURTHA,[*]
  *District Judge.*

_____

Ward Hoffmann,

 *Plaintiff-Appellant,*

 v.                                11-790-cv

Airquip Heating & Air Conditioning,

 *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:     WARD HOFFMANN, *pro se*, Fairport, NY.

---

[*]The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR DEFENDANTS-APPELLEES:**      Peter C. Nelson, Esq., Pittsford, NY.

Appeal from the judgment of the United States District Court for the Western District of New York (Larimer, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ward Hoffmann, *pro se*, appeals from an award of summary judgment in favor of his former employer, Airquip Heating & Air Conditioning ("Airquip"), in his employment discrimination action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the New York State Human Rights Law, N.Y. Exec. Law §§ 290, 296.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Hoffmann first challenges the district court's denial of his motion for further discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.  In opposing a summary judgment motion on the ground that there was an insufficient opportunity to conduct discovery, a litigant is required to submit an affidavit that includes: "[(1)] the

nature of the uncompleted discovery; [(2)] how the facts sought are reasonably expected to create a genuine issue of material fact; [(3)] what efforts the affiant has made to obtain those facts; and [(4)] why those efforts were unsuccessful." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994).

Hoffmann's attorney's Rule 56(d) affidavit lacked any particularity as to how the facts sought would create an issue of material fact and made no attempt to explain the efforts Hoffmann made to obtain those facts during the time provided for discovery. Indeed, there is no indication in the record that Hoffmann made any effort to request documents from Airquip or schedule depositions of Airquip employees. Accordingly, given Hoffmann's failure to conduct any discovery in the time provided, we find no abuse of discretion in the district court's denial of his motion for further discovery. *See Paddington Partners*, 34 F.3d at 1137.

Turning to the merits of the action, we review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a

3

matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

Upon such review, we affirm for substantially the same reasons set forth in the district court's January 27, 2011 memorandum decision and order.  The district court correctly concluded that, even assuming that Hoffmann had established a *prima facie* case of age and disability discrimination, he failed to present any evidence suggesting that Airquip's legitimate reason for his termination—his August 28, 2008 outburst during which he kicked over several office garbage cans and then abandoned a company vehicle in a mall parking lot with its headlights on—was a pretext for discrimination.

We have considered all of Appellant's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4